**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0003230
13-MAR-2015
08:10 AM**

NO. CAAP-13-0003230

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellant,
v.
JOHN D. STOVER, Defendant-Appellee.

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
SOUTH KOHALA DIVISION
(CASE NO. 3DCW-12-0000753)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

Plaintiff-Appellant State of Hawai'i (State) appeals
from the "Findings of Fact, Conclusions of Law, and Order
Granting Defendant's Motion to Dismiss With Prejudice" entered on
October 3, 2013, in the District Court of the Third Circuit,
South Kohala Division[1] (district court).  The State charged
Defendant-Appellee John D. Stover (Stover) by complaint with
Terroristic Threatening in the Second Degree in violation of
Hawaii Revised Statutes (HRS) §§ 707-715 (2014)[2] and

---

[1] The Honorable Melvin H. Fujino presided.

[2] HRS § 707-715 provides in pertinent part

§707-715 **Terroristic threatening, defined.**  A person
commits the offense of terroristic threatening if the person
threatens, by word or conduct, to cause bodily injury to
another person or serious damage or harm to property,
including the pets or livestock, of another or to commit a
felony:

(continued...)

707-717 (2014).[3] The district court granted Stover's motion to dismiss because the court concluded that Stover did not have "a specific intent, as defined by the Hawai'i Revised Statutes, for the charge of Terroristic Threatening in the Second Degree[,]" and thus the State had failed to establish probable cause for the charged offense.

On appeal, the State asserts the following points of error: (1) the district court abused its discretion in dismissing the complaint with prejudice prior to trial for lack of probable cause; and (2) the district court erroneously applied only an "intentional" state of mind requirement for the charge of terroristic threatening.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant legal authorities, we conclude that the district court erred in dismissing the charge against Stover prior to trial and we remand to the district court for further proceedings.

We review the district court's pre-trial dismissal of the charge for abuse of discretion. State v. Moriwake, 65 Haw. 47, 55, 647 P.2d 705, 711 (1982).

The State contends that the district court abused its discretion because it lacked the inherent authority to dismiss the charge with prejudice before the presentation of any evidence

---

[2](...continued)

    (1)    With the intent to terrorize, or in reckless disregard of the risk of terrorizing, another person[.]

[3]  HRS § 707-717 provides

    [§707-717] Terroristic threatening in the second degree. (1) A person commits the offense of terroristic threatening in the second degree if the person commits terroristic threatening other than as provided in section 707-716.

    (2) Terroristic threatening in the second degree is a misdemeanor.

to the trier of fact. The State contends that the authority of the district court to dismiss a charge prior to trial is not a broad power, and that if there are questions regarding Stover's criminal intent, such issues are for the trier of fact to decide, citing State v. Alvey, 67 Haw. 49, 58 n.6, 678 P.2d 5, 11 n.6 (1984). The State argues that a court must balance "the interest of the state against fundamental fairness to a defendant with the added ingredient of the orderly functioning of the court system" as provided in State v. Moriwake, 65 Haw. at 56, 647 P.2d at 712.

Stover responds that the State failed to show a *prima facie* case, that the district court had the inherent power to dismiss the case against him prior to trial, and that he properly brought his motion to dismiss pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 12(b).

Hawaii's appellate courts have recognized that trial courts have an inherent authority, within the bounds of duly exercised discretion, to dismiss charges in certain circumstances. See Moriwake, 65 Haw. at 55, 647 P.2d at 711;[4] State v. Letuli, 99 Hawai'i 360, 362, 55 P.3d 853, 855 (App. 2002) ("The district court has the inherent discretion to dismiss criminal cases, civil cases, and traffic offenses, with or without prejudice, for want of prosecution."); State v. Mageo, 78

---

[4] In Moriwake, the Hawai'i Supreme Court held that the trial court did not abuse its discretion in dismissing a manslaughter indictment with prejudice where there had been two full trials and the juries had been unable to reach a verdict. 65 Haw. at 57, 647 P.2d at 713. The court in Moriwake adopted the following factors for the trial court to consider in balancing the relevant interests to determine whether to dismiss a criminal charge.

> The factors which the trial court should consider in undertaking this balance include the following: (1) the severity of the offense charged; (2) the number of prior mistrials and the circumstances of the jury deliberation therein, so far as is known; (3) the character of prior trials in terms of length, complexity and similarity of evidence presented; (4) the likelihood of any substantial difference in a subsequent trial, if allowed; (5) the trial court's own evaluation of relative case strength; and (6) the professional conduct and diligence of respective counsel, particularly that of the prosecuting attorney.

Id. at 56, 647 P.2d at 712-13.

Hawai'i 33, 38-39, 889 P.2d 1092, 1097-98 (App. 1995) (affirming a district court's dismissal of charges after two year delay in prosecution and where there was no explanation for the delay). This court has indicated that the Moriwake test is applicable to a district court's dismissal of criminal charges. See Letuli, 99 Hawai'i at 362, 55 P.3d at 855 ("[The] balancing test quoted in Moriwake is the relevant test."); Mageo, 78 Hawai'i at 37-38, 889 P.2d at 1096-97 (holding that the Moriwake test was the applicable test). Thus, the question here is whether the district court abused its discretion in dismissing the charge with prejudice on the basis of a lack of probable cause.

The Hawai'i Supreme Court has indicated that a trial judge should not dismiss an otherwise valid indictment prior to the defendant's first trial outside of limited exceptions that are not applicable here. Alvey, 67 Haw. at 57, 678 P.2d at 10. In State v. Lincoln, 72 Haw. 480, 825 P.2d 64 (1992), the Hawai'i Supreme Court stated that

> Furthermore, in Moriwake as well as in [Alvey], we cautioned that a trial court's inherent power to dismiss an indictment is not a broad power and that trial courts must recognize and weigh the State's interest in prosecuting crime against fundamental fairness to the defendant. In Moriwake we said, "we think that the magnitude of the respective interests of society and of criminal defendants which are implicated in this area of the law requires that we more fully delineate the parameters within which this discretion is properly exercised." 65 Haw. at 56, 647 P.2d at 712. In Alvey we made clear that, even if "there are serious questions" about a material element of a crime, it is not within the trial court's discretion to usurp the function of the trier of fact before trial. 67 Haw. at 58 n. 6, 678 P.2d at 11 n. 6.
>
> . . . It is not for the trial court to weigh the evidence in determining whether to proceed to trial.

72 Haw. at 491, 825 P.2d at 70-71 (emphasis added). The district court here dismissed the misdemeanor charge of terroristic threatening prior to Stover's first trial, and prior to Stover entering a plea.[5] The dismissal was based on the district

---

[5] HRPP Rule 5(b)(1), which applies to non-felony charges, provides in pertinent part that "[w]hen the offense is charged by complaint, arraignment shall be in open court, or by video conference when permitted by Rule 43. The
(continued...)

court's determination that the stipulated evidence submitted by the parties for the motion to dismiss[6] did not show Stover possessed "a specific intent" and therefore, the State lacked probable cause for the charge. However, in order to reach this conclusion, the district court improperly weighed the evidence as to a material element of the charged crime prior to any trial in this case. See Alvey, 67 Haw. at 58 n.6, 678 P.2d at 11 n.6; Lincoln, 72 Haw. at 491, 825 P.2d at 70-71.

Because we conclude that the district court erred for the foregoing reasons, we need not reach the State's other point of error.

Therefore, IT IS HEREBY ORDERED that the "Findings of Fact, Conclusions of Law, and Order Granting Defendant's Motion to Dismiss With Prejudice" entered on October 3, 2013, in the District Court of the Third Circuit, South Kohala Division, is vacated and the case is remanded for proceedings consistent with this opinion.

DATED: Honolulu, Hawaiʻi, March 13, 2015.

On the briefs:

Terri L. Fujioka-Lilley
Deputy Prosecuting Attorney
Office of the Prosecuting Attorney
County of Hawaiʻi
for Plaintiff-Appellant

William B. Heflin
Brian J. De Lima
(Crudele & De Lima)
for Defendant-Appellee

Craig H. Nakamura
Chief Judge

Associate Judge

Associate Judge

---

[5] (...continued)
arraignment shall consist of the reading of the complaint to the defendant and calling upon the defendant to plead thereto." At the hearing for arraignment and entry of plea on February 12, 2013, Stover did not enter a plea and requested to schedule a hearing on his motion to dismiss.

[6] Although the State stipulated to certain evidence, it also argued that it was premature for the district court to assess the sufficiency of the evidence.